MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

BRIAN C. LEWIS (DCBN 476851)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile:  (510) 637-3724
    E-Mail: brian.lewis@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD ERIC STEWART,<br><br>    Defendant. | CASE NO. CR 13-0131 PJH<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM**<br><br>Sentencing Date: November 12, 2014 |

The United States respectfully submits the following sentencing memorandum in support of the sentence agreed to by the parties in this case: 77 months in prison, 3 years of supervised release with a special search condition, and a $100 special assessment.

**BACKGROUND**

The defendant, Richard Eric Stewart, is a convicted felon with a criminal history that dates back more than a decade. His previous criminal convictions involve carjacking, first and second degree burglary, and felony evasion of a police officer. The defendant is currently being prosecuted for carrying a loaded .45 caliber semiautomatic pistol and a loaded .308 caliber rifle with a high-capacity magazine. On December 22, 2012, shortly after midnight, the defendant was driving a stolen black Volkswagen Jetta the wrong way through the traffic circle at California Street and Harmon Street in

Berkeley, California. Officers attempted to pull the defendant over in that vicinity. Rather than pull over, the defendant fled the scene. He sped and drove recklessly, including running a red light and nearly hitting other cars on the road. He finally stopped the car in Emeryville and fled on foot. As he ran from the car, he tossed his loaded Colt .45 Model 1911 handgun. The defendant left his loaded L1A1 Sporter .308 caliber rifle in the car.

On February 28, 2013, the Grand Jury returned a single-count indictment charging the defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The defendant pled guilty to the indictment before this Court on August 6, 2014, pursuant to plea agreement under Rule 11(c)(1)(C).

## SENTENCING RECOMMENDATION

**A.    The Defendant's Offense Level is 21.**

The plea agreement and the U.S. Probation Officer correctly conclude that the defendant's offense level is 21. *See* Presentencing Investigation Report ("PSR") ¶ 23.

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2K2.1(a)(3): | 22 |
| Role Enhancements: U.S.S.G. § 3C1.2 – Reckless endangerment during flight: | +2 |
| Acceptance of Responsibility: | -3 |
| Total Offense Level: | 21 |

The above Guideline offense level calculation is correct and consistent with the facts and the law. The defendant was a felon in possession of a firearm and ammunition, after sustaining a felony conviction for a crime of violence—Evading a Police Officer, in violation of California Penal Code § 2800.2(a). In addition to his predicate conviction, the defendant had a loaded high-capacity magazine for his rifle, thereby warranting an offense level of 22. *See* U.S.S.G. § 2K2.1(a)(3). In addition, the defendant led officers on a dangerous car chase through the streets of Berkeley and Emeryville before being apprehended, justifying the 2-level enhancement for reckless endangerment. *See* U.S.S.G. § 3C1.2. The defendant accepted responsibility and timely notified the government of his intention to plead guilty, and the government now moves for the full 3-level reduction in the defendant's offense level. *See* U.S.S.G. § 3E1.1(a),(b). Accordingly, the defendant has an Adjusted Offense Level of 21.

**B.     The Defendant's Criminal History Category is VI.**

The government concurs with the U.S. Probation Officer's conclusion that the defendant's Criminal History Category is VI. *See* PSR ¶ 34. In 1999, the defendant was convicted as a juvenile of carjacking, and he was committed to the custody of the California Youth Authority. *See* PSR ¶ 25. The defendant was paroled in 2008 after being returned to custody in 2006. *Id.* As such, this sentence falls within the applicable 5-year time period, yielding 2 criminal history points. *See* U.S.S.G. §§ 4A1.1(b) & 4A1.2(d)(2). In 2005, the defendant was convicted of misdemeanor second degree burglary, and he was sentenced to 12 days in jail and 3 years of probation. *See* PSR ¶ 27. This sentence falls within the applicable 10-year time period, and results in 1 criminal history point. *See* U.S.S.G. §§ 4A1.1(c) & 4A1.2(e). In 2006, the defendant was convicted of felony evading of a police officer, and he was sentenced to 16 months in prison. *See* PSR ¶ 28. This sentence falls within the applicable 15-year time period, and results in 3 criminal history points. *See* U.S.S.G. §§ 4A1.1(a) & 4A1.2(e). In 2009, the defendant was convicted of felony second degree burglary, and he was again sentenced to 16 months in prison. *See* PSR ¶ 29. This sentence falls within the applicable 15-year time period, and results in 3 criminal history points. *See* U.S.S.G. §§ 4A1.1(a) & 4A1.2(e). In 2011, the defendant was convicted of being an accessory after the fact to property theft, and he was sentenced to 69 days in jail and 5 years of probation. *See* PSR ¶ 30.[1] This sentence falls within the applicable 10-year time period, and results in 2 criminal history points. *See* U.S.S.G. §§ 4A1.1(a) & 4A1.2(e). In 2014, the defendant was convicted of first degree burglary, and he was sentenced to 4 years in prison. *See* PSR ¶ 31. This sentence falls within the applicable 15-year time period, and results in 3 criminal history points. *See* U.S.S.G. §§ 4A1.1(a) & 4A1.2(e). Finally, the defendant receives an additional 2 criminal history points because he was on probation when he committed the instant offense. *See* PSR ¶ 33; U.S.S.G. § 4A1.1(d). Accordingly, the defendant has 16 criminal history points, giving him a Criminal History Category of VI.

//

---

[1] The PSR incorrectly gives this conviction 3 criminal history points, likely based on the additional jail terms imposed based on modifications of the defendant's probation. However, this additional time is not added because it was not the result of a revocation. *See* U.S.S.G § 4A1,2(k). This does not change the ultimate criminal history category of the defendant.

U.S. SENTENCING MEMORANDUM                          3
CR 13-0131 PJH

**C.    A 77-Month Sentence is the Reasonable and Appropriate Sentence in this Case.**

A 77-month term of imprisonment is the appropriate and just sentence in this case. This sentence properly accounts for the characteristics of the defendant and his serious criminal history. *See* 18 U.S.C. § 3553(a)(1). The defendant's criminal history includes convictions for carjacking, first and second degree burglary, felony evading police, and now illegal gun possession. The recommended 77-month sentence accounts for the defendant's continued and escalating criminal conduct. In addition, the recommended sentence appropriately considers the serious nature and circumstances of the instant offense—illegal possession of a firearm by a convicted felon. This type of gun possession is exactly what the felon-in-possession statute is intended to stamp out. These are not victimless crimes. Communities are held hostage by the fear of gun-toting criminals, such as the defendant, who walk their streets. Here, the defendant had two loaded firearms, one a rifle with an extended magazine. As such, the recommended 77-month sentence appropriately accounts for the seriousness of the instant offense. *See* 18 U.S.C. § 3553(a)(1).

The recommended sentence also serves the need for adequate deterrence, protection of the community from further crimes of the defendant, and just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A),(B),(C). A 77-month sentence is at the low end of the applicable Guideline range and will avoid unwarranted sentencing disparities for similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6).

* * *

**CONCLUSION**

The United States respectfully requests that the Court determine that the defendant has an Adjusted Offense Level of 21 and a Criminal History Category of VI, and then sentence the defendant to 77 months in prison, 3 years of supervised release with a special search condition, and a $100 special assessment.

DATED: November 7, 2014                Respectfully submitted,

                                       MELINDA HAAG
                                       United States Attorney


                                       _____/s/_____
                                       BRIAN C. LEWIS
                                       Assistant United States Attorney