UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>RICHARD ERIC STEWART,<br>    Defendant. | Case No. 13-cr-00131-PJH-1<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 30 |

    Before the court is the motion of defendant Richard Eric Stewart ("movant") for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. For the reasons set forth below, the court orders respondent to show cause why relief should not be granted on the claim of ineffective assistance of counsel in the plea context.

    Movant is currently serving a sentence imposed by this court. On February 28, 2013, the grand jury returned an indictment charging the defendant with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Movant pled guilty to the indictment on August 27, 2014, pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. On November 12, 2014, the court sentenced movant to a term of 77 months imprisonment, 3 years supervised release, and $100 special assessment.

    On November 16, 2015, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides in part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the

> Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

Movant asserts the following claims for relief: (1) ineffective assistance of counsel in the negotiation of the plea agreement and the entry of the guilty plea, in failing to provide a mental health evaluation, where movant's "[g]uilty plea was made with the promise that a Mental Health Evaluation would be performed prior to the actual finalization of Sentencing and Conviction, so that the Movant could be Aware of all the factors present were he to pursue a trial on the charges alleged by the Government;" (2) ineffective assistance of counsel in refusing to file any motions, such as a speedy trial motion which would have resulted in dismissal; and (3) ineffective assistance of counsel in failing to file a "motion on eluding, which isn't violent that got me 2 point enhancement," an apparent reference to the 2-point enhancement for reckless endangerment during flight from a law enforcement officer pursuant to U.S.S.G. § 3C1.2.  Doc. no. 30.

Liberally construed, the first claim for ineffective assistance of counsel in the plea negotiations and entry of guilty plea appears colorable under 28 U.S.C. § 2255 and merits an answer from respondent.  *See Hill v. Lockhart*, 474 U.S. 52 (1985) (claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).  As movant indicates in his motion, he did not waive his right to bring a claim that his attorney was ineffective in connection with the negotiation of the plea agreement or entry of the guilty plea.  Plea Agreement ¶ 5.  However, by entering the plea agreement, movant agreed not to file any collateral attack on his conviction or sentence, other than a claim of ineffective assistance in the plea context, so that the second and third claims for relief are

barred by the plea agreement. *Id.* Accordingly, movant may not challenge his attorney's failure to file a motion to dismiss and may not challenge the length of his sentence by purporting to bring an ineffective assistance claim to challenge the 2-point sentencing enhancement. The scope of the ineffective assistance inquiry is limited to whether the alleged ineffective assistance impinged on the defendant's ability to enter an intelligent, knowing and voluntary plea of guilty. *See Lambert v. Blodgett*, 383 F.3d 943, 979 (9th Cir. 2004) ("Because Lambert pled guilty upon the advice of counsel, he is limited to challenging his plea by demonstrating that the advice he received from counsel did not constitute effective representation.") (citing *Hill*, 474 U.S. at 56-57).

Movant has also requested a copy of the transcripts of his change of plea and sentencing hearings. The court orders the government to provide him a copy of those transcripts with its answer in response to the order to show cause.

For the foregoing reasons, the court ORDERS as follows:

1. Within 30 days of the date of this order, respondent shall file with the court and serve on movant (a) transcripts of the August 27, 2014 change of plea hearing and the November 12, 2014 sentencing hearing; and (b) an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" being served by movant on the ground of ineffective assistance of counsel in connection with plea negotiations or entry of guilty plea.

2. If movant wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: May 10, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge