UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD ERIC STEWART,

Defendant.

Case No. 13-cr-00131-PJH-1

**ORDER DENYING MOTION TO STAY**

Re: Doc. No. 43

The government has filed a motion to stay the motion of defendant Richard Eric Stewart to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government seeks a stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The ACCA residual clause invalidated in *Johnson* is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2). The Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

1  holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering
2  challenges to sentences enhanced under it cognizable on collateral review.
3        The government represents that *Beckles* will likely decide the application of
4  *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255
5  motion.  Doc. no. 43.  Defendant promptly filed an opposition to the motion to stay on the
6  ground that judicial efficiency alone is not a valid basis to justify an indefinite and
7  potentially lengthy stay in a habeas case.  Doc. no. 44.  In support of his opposition to the
8  stay, defendant cites *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), where the Ninth
9  Circuit held that the district court abused its discretion by staying a habeas petition
10 pending resolution of an appeal in a case before the Ninth Circuit presenting similar
11 issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *vacated by Zadvydas v.
12 Davis*, 533 U.S. 678 (2001).  In reviewing the stay order, the Ninth Circuit noted that
13 "because the stay terminates upon the 'resolution of the [*Ma*] appeal,' if the Supreme
14 Court should grant certiorari to review this court's decision in *Ma*, the stay could remain in
15 effect for a lengthy period of time, perhaps for years if our decision in Ma is reversed and
16 the case is remanded for further proceedings." *Id.* at 1119.  The court in *Yong* reasoned
17 that "habeas proceedings implicate special considerations that place unique limits on a
18 district court's authority to stay a case in the interests of judicial economy," and held that
19 "although considerations of judicial economy are appropriate, they cannot justify the
20 indefinite, and potentially lengthy, stay imposed here." *Id.* at 1120-21.
21       Defendant's brief in opposition to the motion to stay does not specifically address
22 how much time he has served in custody or the guideline sentencing range that would be
23 applicable if he is granted relief under *Johnson.*  The court notes that on November 12,
24 2014, defendant was convicted of being a felon in possession of a firearm and
25 ammunition, and was sentenced to 77 months imprisonment.  The court further notes that
26 the Bureau of Prisons website (www.bop.gov) indicates that defendant's expected
27 release date is September 9, 2020.  Defendant states in his amended § 2255 motion that
28 he was subject to a guideline range of 77-96 months imprisonment after a finding that

1   defendant had been previously convicted of a "crime of violence" pursuant to U.S.S.G.
2   § 2K2.1(a)(3) (applicable if the offense involved "a semiautomatic firearm that is capable
3   of accepting a large capacity magazine" and "the defendant committed any part of the
4   instant offense subsequent to sustaining one felony conviction of either a crime of
5   violence or a controlled substance offense"). Doc. no. 42 at 3. He argues that without
6   the sentencing enhancement, his guideline range would have been 30-37 months, based
7   on an adjusted offense level of 12 and criminal history category VI. *Id.* Alternatively, he
8   contends that even if he remained subject to a sentencing enhancement pursuant to
9   U.S.S.G. § 2K2.1(a)(4), based on possession of a semiautomatic weapon, his adjusted
10  offense level would be 19, supporting a guideline range of 63-78 months imprisonment.
11  *Id.* at 6. He argues that a low-end sentence under this post-*Johnson* guideline range
12  would still result in a reduction of his 77-month prison term by 14 months. *Id.* For
13  purposes of balancing the competing interests presented on the motion to stay, the court
14  determines that defendant's release date, if advanced by 14 months, would be around
15  July 2019.
16      The court carefully considers whether a stay pending resolution of *Beckles* is likely
17  to be resolved without inordinate delay because of the court's duty to adjudicate habeas
18  petitions in a timely manner. *Yong*, 208 F.3d at 1119-20. Because a decision in *Beckles*
19  is expected within a year, the government does not seek an indefinite stay. Unlike the
20  appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely
21  to decide conclusively the question presented in *Beckles* whether *Johnson* applies
22  retroactively to collateral challenges to sentence enhancements applied under the
23  residual clause of the guidelines. However, staying these proceedings pending a
24  decision by the Supreme Court on this threshold question could result in some prejudice
25  to defendant who seeks relief which, if granted, could result in a reduced term of
26  imprisonment. Furthermore, the court notes that the Ninth Circuit recently lifted the stays
27  previously entered in *Gardner v. United States*, No. 15-72559 and *Jacob v. United*
28  *States*, No. 15-73302 (9th Cir. Aug. 1, 2016), which the government cited in support of

the instant motion to stay. Doc. no. 45. Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.

Accordingly, the government's motion to stay the § 2255 motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 10, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge